**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LEONARD ROWE, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:14-CV-1193-RWS |
| RALPH CHERRY, : | |
| Warden, Robert A. Deyton : | |
| Detention Facility, : | |
| : | |
| Respondent. : | |

## **ORDER**

This case is before the Court for consideration of the Report and Recommendation [13] of Magistrate Judge E. Clayton Scofield, III. After reviewing the record, the Court enters the following Order.

Petitioner Leonard Rowe ("Mr. Rowe") was a plaintiff in an action originally filed in 1998 in the Southern District of New York, Rowe Entertainment, Inc. v. The William Morris Agency, Inc., Case No. 98 Civ. 8272 RPP JCF (S.D. N.Y.). The case was dismissed on summary judgment in 2005, and the Second Circuit Court of Appeals affirmed the decision. See Rowe Entertainment, Inc. v. The William Morris Agency, Inc., 167 Fed. Appx. 227

(2nd Cir. 2005), cert. denied, 549 U.S. 887 (2006). In 2012, Mr. Rowe filed a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure seeking relief from the earlier Judgment. When Mr. Rowe sought to use discovery in support of his motions, the Court issued an order on June 12, 2012, warning Mr. Rowe that any efforts to use discovery during the proceeding would be considered sanctionable.

In September 2012, Mr. Rowe filed a motion to compel production of discovery. In a November 8, 2012 Order, the Court denied Mr. Rowe's Rule 60 motion and ordered him to show cause why sanctions should not be imposed based upon his continued efforts to pursue discovery in contradiction of the Court's June 12, 2012 Order.

Rather than file an appeal of this decision, Mr. Rowe filed a "Motion to Disqualify Judge Robert P. Patterson for His Personal Bias, Prejudice, and Corruption Against the Plaintiff Pursuant to 28 U.S.C. § 144, 455." The Court denied this motion.

After Mr. Rowe threatened to file more than $1billion in commercial liens against the Defendants and their attorneys in the New York case, in November 2013, the Court entered orders directing Mr. Rowe to show cause why he should not be permanently enjoined from a list of activities including

2

the filing of such liens. On December 5, 2013, Mr. Rowe moved to vacate the temporary restraining orders. Mr. Rowe declined to participate in a hearing pursuant to the show cause order, and the Court entered a permanent injunction against him.

After Mr. Rowe engaged in activities that were prohibited by the permanent injunction, on January 16, 2014, the Court entered an order requiring Mr. Rowe to show cause why he should not be held in contempt. Mr. Rowe responded in writing that the court lacked jurisdiction over him and stated that he would not appear at the contempt hearing and would continue engaging in prohibited activities.

On February 13, 2014, the Court issued two more show cause orders directing Mr. Rowe to appear in person or by telephone to show cause why he should not be held in contempt. Mr. Rowe declined to appear, and on February 19 and 20, 2014, the Court found Mr. Rowe in contempt.

On February 28, 2014, the Court issued an Order setting a hearing for March 7, 2014 to determine if Mr. Rowe should be arrested and held in civil confinement and directing the parties to be prepared to address both personal and subject matter jurisdiction questions at the hearing. Again, Mr. Rowe declined to participate in the hearing, and the Court entered an order directing

that Mr. Rowe be arrested and confined until he purged himself of contempt by, among other things, releasing the commercial liens he had filed. Mr. Rowe did not challenge the permanent injunction or contempt orders through a motion for reconsideration or on direct appeal.

On April 9, 2014, Mr. Rowe was arrested in the Northern District of Georgia on the civil contempt order. After his arrest, Mr. Rowe retained counsel and filed the Petition that is presently before the Court.

In the Report and Recommendation [13], Judge Scofield recommends that the Petition be dismissed due to Petitioner's failure to exhaust remedies that were available to him in the New York case by appeal or a motion for reconsideration. Mr. Rowe has filed an Objection [15] to the Report and Recommendation asserting, as he did in pre-Report briefing, that his claim is not subject to procedural default because it is based upon jurisdictional grounds.

The undersigned agrees with Judge Scofield's conclusion in the Report and Recommendation that Mr. Rowe failed to exhaust remedies that were available to him before filing the petition presently before the Court.  As for the merits of the petition, the Court also agrees with Judge Scofield's observation that Mr. Rowe will "face a high barrier to obtaining relief in view of well-established Supreme Court precedent that a district court has 'inherent power to

4

enforce its judgments,' Peacock v. Thomas, 516 U.S. 349, 356 (1996), as well as the 'inherent power to enforce compliance with [its] lawful order through civil contempt,' Shillitani v. United States, 384 U.S. 364, 370 (1966)." (R&R [13] at 10). This barrier is even more formidable when one considers Plaintiff submitted himself to the jurisdiction of the Court by originally filing the action there. By filing a complaint, a plaintiff submits himself to the jurisdiction of the court, and he may be treated "as being there for all purposes for which justice to the defendant requires his presence." Adam v. Saenger, 303 U.S. 59, 67-68 (1938). After judgment was entered, Mr. Rowe brought the matter back before the Court by filing a motion for relief from the judgment. The undersigned concludes that the Court had jurisdiction to enforce its orders that were entered in conjunction with the action brought by Mr. Rowe. Therefore, he is not entitled to the relief he seeks.

Taking the into account the entire history of this litigation, as well as the options available to Mr. Rowe for relief, the undersigned concurs in Judge Scofield's suggestion that custody of Mr. Rowe be transferred to the Southern District of New York pursuant to Fed. R. App. P. 23(a). A transfer will place Mr. Rowe a better position to pursue issue in the Southern District of New York that should more appropriately be addressed there.

5

Based on the foregoing, Mr. Rowe's Petition for Writ of Habeas Corpus [1] is hereby **DENIED**. It is further **ORDERED** that custody of Mr. Rowe be transferred to the Southern District of New York pursuant to Fed. R. App. P. 23(a).

**SO ORDERED**, this  16th  day of July, 2014.

*/s/ Richard W. Story*

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)